[German, Execx. v. Browne *et al.*]

# German, Execx. *v.* Browne *et al.*

*Petition in Chancery to enforce a Lien in favor of Attorneys for Fee.*

1. *Petition in chancery suit; sufficiency of averments.*—A petition, seeking relief in a chancery court, like an original bill, must contain within itself sufficient matter of fact to authorize relief to the petitioners, and the averments must be direct and not by way of inference of one fact from another.

2. *Same; how petition considered.*—Unless the matter of the petition filed in a chancery court arises in a pending cause or concerns some matter over which the court has some special authority or jurisdiction, the litigation must assume the form of an original suit.

3. *Petition for enforcement of attorney's lien for payment of fee; when insufficient.*—When a petition filed by attorneys, seeking to enforce a lien in their favor for a fee alleged to be due them from the complainant in a suit in which the petition was filed, avers simply an employment of the petitioners as attorneys, the rendition of services, the collection of money under a final decree, a payment of a portion of the sum collected to their client without any statement of account or other settlement, the lapse of a year and a suit at law by the client against the petitioners to recover a portion of the sum retained by them, and there is averred no disclosure of the settlement to be repudiated by the client nor any agreement, express or implied, for the retention by petitioners of the sum not paid over by them, nor any adjustment or agreement as to the fee to be paid for their services, except the implied contract that reasonable compensation should be allowed, such petition cannot be maintained, as it is insufficient to authorize a court of chancery to exercise its jurisdiction.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. RICHARD B. KELLY.

The appellees in this case filed a petition in the Chancery Court of Shelby county in a cause entitled Marie

L. E. German, Executrix of the estate of Joseph Ver-
chot, against the American Pig Iron Storage Warrant
Company and others.      Marie L. E. German was for-
merly Marie L. E. Verchot.

The petition was in words and figures as follows:

"Come W. B. Browne and J. T. Leeper who reside in
Columbiana, Shelby county, Ala., and Cecile Browne
and E. H. Dryer who reside in Talladega, Talladega
county, Ala., all of whom are over twenty-one years of
age, and present this petition in the said cause in said
court against said complainant, Marie L. E. German, as
executrix of the estate of Joseph Verchot, deceased, and
allege and pray as follows:

"1.   Before the institution of this suit said W. B.
Browne and J. T. Leeper, practicing solicitors compos-
ing the law firm of Browne & Leeper, and said Cecil
Browne and E. H. Dryer, practicing solicitors com-
posing the law firm of Browne & Dryer, were employed
by Joseph Verchot, complainant's intestate, to institute
and conduct this suit and accordingly did institute and
conduct it throughout.   The said Joseph Verchot died
pending the litigation and before any final decree was
rendered in this court therein, and the suit was revived
in the name of said complainant as his executrix, by
said Browne & Leeper and Browne & Dryer, and the
litigation proceeded and was thereafter conducted by
said Browne & Leeper and Browne and Dyer as her
solicitors, who, the said Browne & Leeper and Browne
& Dyer, represented complainant in this suit from the
time of, and before, its institution until the collection
of the moneys hereinafter mentioned under the final de-
cree.

"2.   The said Browne & Leeper and Browne & Dryer
as such attorneys in the preparation of the original bill
in this case and in the conduct of the suit, did an im-
mense amount of work as attorneys for complainant,
which required much skill and constant and unremit-
ting attention for many years, the reasonable value of
which work and service as such attorneys is, to-wit, fifty-
five hundred dollars, and which constituted and consti-
tutes a lien on the final decree rendered in this cause in

favor of the compainant and upon the moneys collected on and under said decrees in said cause in favor of complainant.

"3. On or about June 30th, 1900, said Browne & Dryer, as such attorneys for complainant, collected of A. J. Perry, receiver in said cause, under said final decree, the sum of to-wit, $5,559.04, and on or about August 1st, 1900, under said final decree, they collected from respondent American Pig Iron Storage Warrant Company, through one of its solicitors, Capt. W. C. Ward, the further sum of, to-wit, $2,561.06, making an aggregate sum of $8,120.10, collected by and on account of the final decree of this court in this cause for and on account of the complainant; but out of this sum on or about June 30th, 1900, said Browne & Dryer as such solicitors, paid Hon. Samuel Will John as, and who was, attorney for the State of Alabama and of Bibb county, $114.32 on account of and for taxes which constituted a first lien on said fund, and which said receiver required them to pay at the time of and contemporaneously with the payment by him of said sum of $5,559.04 aforesaid. Of said moneys collected on said decree there was turned over to said complainant the aggregate sum of $4,466.55, being the sum of, to-wit: $1,444.72 on or about July 3d, 1900, and $3,021.83 on or about August 14th, 1900. The amount received by said Browne & Leeper and Browne & Dryer out of said moneys collected under and on account of said final decrees was intended to be reserved and retained by them as and for their fees for representing complainant in this suit; and they thought the said complainant was satisfied therewith as she acquiesced therein for, to-wit, more than a year; but on, to-wit, the 26th day of August, 1901, she repudiated the same and brought a suit in the circuit court of Shelby county, Alabama, against said Browne & Dryer and said Browne & Leeper as individuals and as partnerships, claiming twenty-five hundred dollars for money had and received; the basis of the said suit and the object thereby sought to be accomplished being to recover of these petitioners $2,500 of said moneys collected by them on said final decree in this cause in this court, upon the whole of which fund collected, to-wit, $8,120.10 these petitioners have a lien as aforesaid.

"4. Petitioners are advised, and on such advice allege, that said complainant having elected to disaffirm the settlement attempted to be made with her by petitioners as her attorneys, their lien continues on the entire fund collected by them for complainant in this cause, as well upon that they turned over to complainant as to that they still have on hand, and that the reasonable value of their services as such attorneys for complainant being such sum of fifty-five hundred dollars, the said complainant should be ordered and decreed to pay into this court the whole of said moneys turned over to her, to-wit, said $4,466.55, to abide by the orders and said decree of this court on this petition, to the end that the lien of these petitioners for the reasonable value of their services for complainant in this cause may be decreed and enforced upon the said funds which are the proceeds of said decrees, and that this court having jurisdiction to the said funds which were collected under its orders and decrees in this cause, retain said jurisdiction to a final distribution of such funds which involves a determination of the amounts these petitioners are reasonably entitled to be paid therefrom and a decretal order that such sums be paid them out of said funds.

"5. Said complainant is over 21 years of age and resides in Columbiana, Shelby county, Alabama.

"The premises considered, petitioners, W. B. Browne, J. T. Leeper, Cecil Browne and E. H. Dryer, pray that the said complainant, Marie L. E. German as executrix of the estate of Joseph Verchot, deceased, be made a party respondent to this petition, that she be required by a rule of this court to show cause why she should not be perpetually restrained from proceeding with said suit at law, and that until said rule is dissolved the jurisdiction of this court be maintained, and said complainant be restrained from prosecuting said suit at law; that a reference be ordered to ascertain the reasonable value of the professional services of these petitioners as solicitors for complainant throughout said litigation in this case, that such sums when ascertained be declared and decreed liens on the said moneys

yet in petitioners' hands as well as upon that turned over by them to complainant, that complainant be ordered and decreed to pay said sum of $4,466.55 into court to await and abide the final orders and decrees of this court on this petition, that upon a final hearing hereof it be ordered and decreed that these petitioners retain that part of said funds collected by them in this cause they now have on hand, to-wit, $3,539.23, and be paid the further sum of, to-wit, $2,010.77 out of the remainder of said moneys which were turned over to complainant by them, and complainant and S. W. John her attorney and solicitor of record be perpetually restrained from prosecuting said suit at law, and if petitioners are in any wise mistaken in the special relief prayed for, they ask for such other, further and general relief as to this court upon final hearing shall be deemed just, and petitioners will ever pray, etc., said petitioners hereby submitting to the jurisdiction of this court and offering to abide by and submit to its orders and decrees in the premises."

To this petition the respondent Marie L. E. German filed an answer in which she incorporated a demurrer. This demurrer was upon the following grounds: "1st. For that it does not appear from said petition that there is any fund in this court or under its control upon which to fasten a lien. 2. For that it appears from said petition that there is no fund in this court nor under its control, nor that it can rightfully take possession of, upon which a lien can be decreed to exist in favor of petitioners. 3. For that it appears from said petition that all of the fund of which they once had possession, and upon which they had a lien for their reasonable fees so long as they retained said fund in their possession, has been voluntarily and rightfully paid by them to the defendant and appropriated to their own use. Whereupon said lien ceased and was discharged. 4. For that it appears from said petition that the petitioners have an adequate remedy at law. 5. For that it does not appear from said petition that there is any reason or ground for the interposition of a court of equity in said action at law. 6. For that it

28c

[German, Execx. v. Browne *et al.*]

does not appear from said petition that petitioners will be embarrassed or hindered or prevented from asserting all their just rights in said action at law. 7. For that it appears from said petition that said claim, debt or demand accrued to petitioners, on to-wit, the 14th day of August, 1900, and it does not appear that it was presented to Marlie L. E. German as executrix of the will of said decedent or filed in the probate court of Shelby county within twelve months thereafter, and for that it is barred."

The respondent also moved the court to dismiss the bill for want of equity, and to dissolve the injunction for want of equity in the petition. On the submission of the case upon the petition, the demurrer and motions, the chancellor rendered a decree overruling the demurrer, the motion to dismiss the bill for want of equity, and the motion to dissolve the injunction, and from this decree appeal was taken, and the rendition thereof was assigned as error.

SAMUEL WILL JOHN, for appellant.—The right of a possessor of money to hold it for the satisfaction of some demand, depends essentially upon the actual possession of the money by an attorney or the court, and if the attorney eventually pays away the money his lien is thereby lost.—*Stewart v. Flowers*, 44 Miss. 513; s. c. 7 Am. Rep. 707; *Nichols v. Pool*, 89 Ills. 491; *Voss & Co. v. Robertson B. & Co.* 46 Ala. 487; *Manning v. Leighton,* 65 Vt. 84; s. c. 24 L. R. A. 684.

Admitting all the facts apparent on the face of the petition, well or illy pleaded, the petitioners can have no relief whatever, and therefore the motion to dismiss for want of equity should have prevailed.—*Seals v. Robinson.* 75 Ala. 368-9; *Pate v. Hinson*, 104 Ala. 601-2; *Blackburn v. Fitzgerald,* 130 Ala. 584.

KNOX, ACKER & BLACKMON, *contra.*—An attorney has a lien upon the money recovered by his client, for his bill of costs; if the money comes to his hands, he may retain to the amount of his bill. He may stop it *in transitu*, if he can lay hold on

[German, Execx. v. Browne *et al.*]

it. If he apply to the court they will prevent its being paid over till his demand is satisfied.—*Ward v. Lee,* 13 Wend. N. Y. 44.

The fact that the effort of appellees is to fasten a lien on the moneys collected, as distinguished from the original decree, is not material, for the reason that it has been expressly decided in this State that an attorney has a lien on the proceeds of the decree as well as the decree itself, for the collection of his fee.—*Jackson v. Clopton,* 66 Ala. 29.

The proper remedy for the enforcement of the lien and the ascertainment of the fee is by petition in the cause and in the court where the fund was collected. *Higley v. White,* 102 Ala. 605.

Where the equities of the parties are clear, the court will not be deterred from the enforcement of the lien, even though, under pervious orders of the court, the property may have been turned over to one or the other of the parties.—*Thornton v. Highland Av. & Belt R. R. Co.,* 94 Ala. 353; *Weaver v. Cooper,* 73 Ala. 318.

TYSON, J.—This is an appeal from a decree refusing to dissolve an injunction and overruling a demurrer and motion to dismiss the petition filed by the appellees to enforce a lien as attorneys for the complainant in the suit in which the petition was filed. It appears that the appellees, composing two firms of lawyers, were employed by one Verchot to institute the suit in which the petition was filed; that he died leaving a will in which Marie L. E., his wife, was executrix; that the suit was revived and conducted to a final decree under which, according to the petition, funds to the amount of $8,120.10 were collected, of which $4,466.55 was paid to the executrix in two installments, one in July and the other in August, 1900, and $114.32 disbursed for taxes, leaving in the hands of the petitioners the sum of $3,539.23. It is alleged in the petition that the amount of the collections retained by petitioners was intended to be reserved as and for the fees for representing the complainant in the litigation, and that they "thought the said complainant was satisfied therewith as she acquiesced therein for more than

a year; but that on to-wit, 26th day of August, 1901, she repudiated the same and brought suit in the circuit court of Shelby county, Alabama," against petitioners, to recover twenty-five hundred dollars of said money so retained.

It is further alleged that their client, Marie L. E., having repudiated the settlement, their lien on the whole fund is intact and the petition seeks the enforcement of it. The amount of the fee is alleged to be $5,500 and they ask that Marie L. E. be required to pay the sum received by her into court, and that the fee be ascertained and enforced against the entire sum collected to the extent of the amount of the fee found to be due them.

A preliminary injunction against the prosecution of the law case was granted, and Marie L. E. as executrix was ordered to answer the petition as in the case of an original suit. The defendant appeared and answered, incorporating in her answer a demurrer to the petition, and also made motions to dismiss the petition for want of equity and to dissolve the injunction. The demurrer was overruled and the motions denied.

A petition, like an original bill, must contain within itself sufficient matter of fact to maintain the plaintiff's case, and the averments must be direct and not by way of inference of one fact from another. "It is not sufficient in chancery pleading simply to aver the evidence from which a required fact might be inferred, although the evidence itself, if uncontradicted, and not overcome by opposing proof might be sufficient to induce a chancellor or jury to find the fact from it."—*Bliss v. Anderson*, 31 Ala. 612, 625; *Seals v. Robinson*, 75 Ala. 363; *Harris v. Nixon*, 9 Pet. 483.

The petition, tested by these plain rules, is fatally defective. It does not disclose there is any cause pending in which it could be instituted. It shows a final decree, and collection and distribution of funds. Unless the matter of the petition arises in a pending cause or concerns some matter over which the court has some special authority or jurisdiction, the litigation must assume the form of an original suit.—*Sayre v. Elyton*

*Land Co.*, 73 Ala. 85; *Foscue v. Lyon*, 55 Ala. 440, 457; 2 Daniel's Chancery Pl & Pr. §§ 1587-1604.

Testing the petition as a bill, as it may be, when defendants are required to answer as in original proceedings, it is equally defective. The case made by it is simply an employment of petitioners as attorneys, the rendition of service, the collection of money under a final decree, a payment of a portion of the sum collected to their client without any statement of account or other settlement, the lapse of a year and a suit at law by the client against them to recover twenty-five hundred dollars of the sum retained by them. It is on these facts that the petition was filed and the injunction issued against the further prosecution of the suit at law. There is no disclosure of any settlement to be repudiated by the client, nor any agreement, express or implied, for the retention by the attorneys of the sum not paid over by them, nor any adjustment or agreement as to the fees to be charged for their services, except the implied contract that reasonable compensation should be allowed. The payments made by them to their client, in the absence of all allegation of mistake or fraud, must be regarded as voluntary and as a relinquishment of their lien upon the money so paid.—3 Amer. & Eng. Ency. of Law, (2d ed.), 450; Weeks on Attys. § 375. It is true they would have a right to hold so much of the money now in their possession as will be equal to the amount of their compensation for the services rendered, whenever the value of those services are ascertained. But what necessity is there for a suit in equity to adjust the amount of the fee and its satisfaction *pro tanto* out of this money? We can see none. The law court acquired jurisdiction of this matter before this proceeding was instituted and can afford the fullest relief to which the petitioners can show themselves entitled. It certainly has jurisdiction to determine what their compensation ought to be and is quite as competent to adjudge that question as a court of equity. In short, the bill or petition discloses no reason for interfering with the exercise of jurisdiction by that court—no defenses are shown which would be available here, and not available in that court.—1 Pom. Eq. Jur., § 179.

[Robinson v. Starnes.]

The decree appealed from must be reversed, and a decree will be here entered dissolving the injunction and dismissing the petition.

Reversed and rendered.