## Seay *v.* Graves.

*Bill to Remove Administration of Estate From Probate to Chancery Court.*

(Decided June 29, 1912.  59 South. 469.)

1. *Equity; Parties.*—While at law all persons having a joint interest must join as parties plaintiff in an action, the general rule in equity is that it is sufficient if all persons interested in the subject matter are before the court, either as complainants or respondents.

2. *Same; Administration; Removal; Beneficiary.*—Where complainant was the beneficiary under the will she was authorized to remove the administration of the estate from the probate to the chancery court if application had not been filed for final settlement, without assigning any special equity therefor (section 3, Acts

1911, p. 575) ; and it is immaterial that she joined herself in a representative capacity in the application for such removal.

3. *Same; Bill.*—Where the administratrix, with the will annexed, sought by bill to recover assets alleged to belong to the estate, from testatrix's surviving husband, and the bill alleged facts entitling her to an accounting by such husband as agent of testatrix's estate, and to discovery of assets belonging to the estate, it was sufficient to justify a removal of the administration from the probate to the chancery court.

4. *Same; Bill; Multifariousness.*—A bill to remove an administration from the probate to the chancery court, and seeking to recover assets, and an accounting, was not rendered multifarious because it also prayed distribution of a legacy, which was essential to a complete administration.

APPEAL from Pike Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Lula Graves, individually, and as administratrix with the will annexed, of Emma Seay, against W. J. Seay, to remove the administration of decedent's estate from the probate to the chancery court, to recover assets and for an accounting against the husband of testatrix as agent of the estate. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

A. G. SEAY, for appellant. The Act of 1911, p. 574, does not extend an administratrix the privilege of removing the administration of an estate from the probate to the chancery court without assigning some special equity therefor, and therefore, something must arise in order to enable the court to afford her relief. —*Stovall v. Clay,* 108 Ala. 105; *Harland v. Persons,* 93 Ala. 273; *Newsum v. Thornton,* 66 Ala. 311. The 4th and 9th grounds should have been sustained since the heir and personal representative not having a common right cannot join in a suit at law or in equity for the recovery of land.—*McKay v. Broad,* 70 Ala. 377; *Massey v. Modawell,* 73 Ala. 421. The personal assets must be exhausted first.—*Banks v. Spears,* 103 Ala. 444. The claim of $1,000 presents a legal demand to which only

two parties have any claim or interest, Lula and Emma Graves, and to join it with other demands of other parties, cannot give the bill equity, but simply renders it multifarious.—*Turnipseed v. Goodwin*, 9 Ala. 379; *McIntosh v. Alexander*, 16 Ala. 87; *Henry v. Tenn. Live Stock Co.*, 164 Ala. 376. The bill was not good as a bill for discovery.—*Russell v. Garrett*, 75 Ala. 348; *Lawson v. Warren*, 89 A; a. 584; *Sweetzer v. Buchanan*, 94 Ala. 574; 150 Ala. 602; 115 Ala. 510; 72 Ala. 72; 46 Ala. 616; 147 Ala. 501; 14 Cyc. 315; 11 A. & E. Enc. of Law, 994.

FOSTER, SAMFORD & CARROLL, for appellee. There is no question about the right of complainant as the beneficiary under the will to remove the estate without any special equity therefor.—*Colquitt v. Gill*, 147 Ala. 554; *Greenhood v. Greenhood*, 143 Ala. 440; *St. John v. St. John*, 150 Ala. 237. The fact that the bill was filed in her individual and administrative capacity does not render the bill objectionable for misjoinder.—*Davis v. Vandiver*, 143 Ala. 202. The administratrix is entitled to recover the realty.—*Ex parte Barker*, 127 Ala. 203. Only parties misjoined can take advantage thereof.— *Pate v. Hinson*, 104 Ala. 599. The bill is not a bill for discovery, but to recover assets, and to have a full answer.—16 Cyc. 223; *Russell v. Garrett*, 75 Ala. 348; *Bromberg v. Bates*, 98 Ala. 621. Interrogatories appended to a bill are not the subject of demurrer.— *Chardavoyne v. Galbraith*, 81 Ala. 521; 16 Cyc. 223.

McCLELLAN, J.—This bill was filed by Lula Graves, individually and as administratrix with the will annexed of the estate of Emma B. Seay, deceased, of whom W. J. Seay (appellant) is the surviving husband. The heirs at law and next of kin of the testatrix, as well as

the surviving husband, were made parties defendant thereto. Under the will of the testatrix, which has been duly probated, Lula Graves is a devisee and also a legatee of one-half of $1,000, "which W. J. Seay has in his hands belonging to me [i. e., testatrix], of my own separate estate.  *  *  *"

The testatrix left no children; and the next of kin and heirs at law are sisters or brothers, or their descendants, of testatrix.

It is averred that Lula Graves is the grantee of the rights, titles, and interests of all of the heirs at law and next of kin of Emma B. Seay, deceased, except three (who have each a one twenty-fifth interest in the estate), subject to the rights of the surviving husband and of her co-legatee, Emma Nell Graves, a niece of testatrix.

It appears from the averments of the bill that W. J. Seay had, prior to 1905, before testatrix's death in January, 1911, carried on a mercantile business owned by and in the name of his wife, and with funds belonging to her; that he was insolvent; that he did *not* own the business so carried on; that he was discharged as a bankrupt some time (not known exactly) before the death of his wife; that, as general agent for his wife, he sold said business in the year 1905, and "received therefor the sum of, to wit, four thousand dollars ($4,000.00), or other large sum;" that he did not pay said sum, or any part of it, to his wife; that he retained the same and used a part of it in the purchase of real properties, the titles to which he took in his own name; that the remainder of the proceeds have been appropriated, in some manner, to his own use; that the estate of testatrix has an "equitable lien or trust in and to all of said property into which the money of the said Emma B. Seay was invested by the said W. J.

Seay;" that he has refused and failed to account to the estate of testatrix and to the administratrix, in her individual or representative capacity; that he claims all of the same in his own right; that complainant does not know into what other property the said proceeds were invested by W. J. Seay, but that W. J. Seay knows that oratrix is unable to ascertain, except by discovery, how that money was used, into what property it was invested, or how the same is now being held by W. J. Seay; that said Seay holds the property as a trustee in invitum for the use and benefit of the estate of testatrix; and that he should account therefor.

Seven interrogatories, seeking responses disclosing matters immediately bearing upon subjects of averments in the bill, are propounded to W. J. Seay.

The prayer is for a removal of the administration of the estate into the chancery court, no steps to a final settlement having been entered upon in the court of probate; that the court ascertain what property or rights, legal or equitable, were owned by the testatrix at the time of her death, which may be held by any of the respondents; that, if necessary, the court will vest the title as it may be advised should be done; that the estate be distributed among those so entitled; and for general relief.

At law the rule is that all parties having a joint interest must join as plaintiffs in the action; but in equity the general rule is that it is sufficient if all the parties interested in the subject-matter of the proceeding are before the court, either as complainants or respondents. —*Parkham v. Aicordi*, 34 Ala. 393, 73 Am. Dec. 457; *Davis v. Vandiver & Co.*, 143 Ala. 202, 38 South. 850.

Furthermore, under sec. 3 of the act approved April 21, 1911 (Acts 1911, pp. 574, 575), Lula Graves, individually, was of the classes who are

entitled to the removal of the administration of an estate into equity, without assigning any special equity. The fact that she joined herself in a representative capacity did not defeat her right to effect the removal as prayed, and as ordered by the chancellor in accordance with the provisions of the cited act. But apart from this, under the averments of the bill, this personal representative invokes the aid of equity to pursue assets of the estate of Mrs. Seay, and to reduce them to possession—assets which, acording to the bill's allegations, were wrongfully appropriated by W. J. Seay.—Schouler on Executors and Administrators, § 295. Some, at least, of the rights of the estate, which the bill describes are equitable in nature, and are enforceable by the personal representative in that forum. So, too, the personal representative is entitled to an accounting of the husband, who was the agent of Mrs. Seay, and to a discovery, that assets of the estate may be known and their distribution determined.—Schouler, § 295.

As is apparent from the theory, purpose, and averments of the bill, the strict rules applicable to bills which seek discovery *only* are not applicable here.— *Russell v. Garrett*, 75 Ala. 348; *Bromberg v. Bates*, 98 Ala. 621, 629, 13 South. 557. The discovery which responses to the interrogatories propounded to W. J. Seay will afford is incidental to the major objective of the bill, and is based upon the particular averments thereof. The rules which appellant would invoke have operation in cases where discovery is the sole purpose of the bill.

The objection that the bill is multifarious, because the distribution of $1,000 to the two legatees named in the probated will is sought, is without merit. Such distribution is of the essence of a complete administration. That is the subject-matter upon which the jurisdiction

[City of Florence, et al. v. Woodruff, et al.]

of equity is invoked by the bill. That other parties to the proceeding are without interest in this particular matter of distribution of the legacy mentioned does not render the bill multifarious.—*Truss v. Miller,* 116 Ala. 494, 505, 22 South. 863.

The decree overruling the demurrer is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.