### McLENDON v. TRUCKEE LAND CO. et al. (6 Div. 923.)

Supreme Court of Alabama. June 30, 1927.

Rehearing Denied Oct. 20, 1927.

1. **Injunction** ⊘⟶118(4)—Bill to enjoin actions against attorney for money collected by him, setting up attorney's lien thereon held not wanting in equity (Code 1923, §§ 6262, 8935).

Bill by attorney to enjoin actions at law and for accounting, alleging defense to actions against him for summary judgment for money alleged to have been collected by him as attorney by reason of having attorney's lien, under Code 1923, §§ 6262, 8935, held not subject to objection as wanting in equity.

2. **Injunction** ⊘⟶114(1)—All parties claiming interest in money collected by attorney held "necessary parties" to his suit to enjoin actions therefor (Code 1923, §§ 6262, 8935).

All parties claiming interest in money collected by attorney for which action had been brought were "necessary parties" to attorney's suit to enjoin actions and for an accounting on ground of having attorney's lien (Code 1923, §§ 6262, 8935).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Parties.]

3. **Injunction** ⊘⟶118(1)—Allegation that money belonged to another and of complicated and disputed account held objectionable, as mere conclusion.

Bill to enjoin actions at law against attorney for money alleged to have been collected by him *held* objectionable, as constituting mere conclusion, in that it averred that money claimed by one defendant was in equity money

---

of the other, and that a long complicated and disputed account existed.

**4. Injunction ⬅118(2)—Bill by attorney to enjoin actions for money collected by him should aver services for which he claimed attorney's lien.**

Bill in equity by attorney to enjoin actions at law against him for money alleged to have been collected as attorney should aver with certainty services rendered by him for which he claimed attorney's lien and amount claimed.

**5. Equity ⬅66—Attorney, suing to enjoin actions against him for money collected, claiming lien thereon, should pay money into court (Code 1923, §§ 6262, 8935, 10267).**

Where attorney filed bill in equity to enjoin actions at law for money alleged to be collected by him as attorney, asserting attorney's lien thereon, under Code 1923, §§ 6262, 8935, he should, under section 10267, together with offer to do equity, pay money into court, so that on final hearing court could award money without compulsory process.

**6. Injunction ⬅183—Application for reinstatement of injunction should be made to judge dissolving it (Code 1923, § 8312).**

Under Code 1923, § 8312, application for reinstatement of injunction, pending appeal, should be made to judge entering decree, dissolving it, and, in case of refusal, application renewed to Justice of Supreme Court.

**7. Injunction ⬅183—Motion to discharge injunction as reinstated was not waived by submission with motion to dissolve (Code 1923, § 8302).**

Under Code 1923, § 8302, motion to discharge injunction as reinstated, pending appeal, was not waived by its submission along with a motion to dissolve.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by J. S. McLendon against the Truckee Land Company and Jessica B. Cairns, to enjoin actions at law and for an accounting. From a decree dissolving temporary injunctions and dismissing the bill, complainant appeals. Affirmed in part, and in part reversed and remanded.

In the third paragraph of the bill it is averred that on March 17, 1923, Mrs. Cairns had filed a motion against appellant, as an attorney, in the circuit court of Jefferson county, Ala., for a summary judgment, in the sum of $5,100.35, alleged to have been collected by appellant, for the respondent as an attorney.

The fourth paragraph avers that the Truckee Land Company had filed a similar motion against the appellant, in the same court, to collect the sum of $695.83, alleging such amount to have been collected by the appellant, as attorney, and to have been withheld after demand by the movant.

In the fifth paragraph it is averred that T. C. Cairns, during the years 1925 and 1926,

was the legal owner of a considerable amount of real estate in Birmingham, and that said Cairns, during said time, was dealing extensively in real estate, in the city of Pensacola, Fla., as the agent or attorney of Jessica B. McLeod, who held legal title to all the property handled by said Cairns in Pensacola, and that the said Jessica B. McLeod married the said T. C. Cairns, on July 14, 1926, and has since then been his wife, and is the same person who filed the said motion for summary judgment.

In the sixth paragraph it is averred that the said respondent Cairns should not recover against appellant in said motion or suit, and that appellant has legal and equitable defenses against said claim, as follows:

(a) That complainant is not liable to the respondent, as alleged in her said motion.

(b) The relation of attorney and client never existed between the said Jessica B. Cairns and J. S. McLendon, relating to the matter which is the ground or claim for the application or motion.

(c) To give the right of proceeding summarily against an attorney, it is essential that the relation of attorney and client should exist between the parties, in relation to the subject-matter in dispute. Such relation has never existed between the movant, Jessica B. Cairns, and J. S. McLendon, this complainant.

(d) That the money claimed in said motion by Jessica B. Cairns is, in equity, the money of the Truckee Land Company, a corporation, and subject to a lien for attorney's fees of J. S. McLendon, which this complainant can show, if permitted to do so, and which, if proven, would constitute a valid, equitable set-off against the said claim of the respondent Jessica B. Cairns.

In the seventh paragraph it is averred that appellant has defenses against said motion of the respondent Cairns, which are not available in a court of law, but which would be considered by this court, and that to permit the prosecution of said motion or suit at law against complainant will produce a multiplicity of suits.

In the eighth paragraph it is averred that the respondent Truckee Land Company should not recover against complainant in its motion, and that complainant has legal and equitable defenses against said claim, as follows:

(a) That complainant is not liable to the respondent, as alleged in its suit or motion.

(b) That the money claimed in said motion came into the hands of complainant, as attorney for the Truckee Land Company, and he is retaining same, as provided in section 6262 of the Code of 1923, so as to apply same on said account as part satisfaction for attorney's fees due this complainant by the Truckee Land Company. Wherefore com-

plaint alleges that there is no reason for the recovery by the respondent Truckee Land Company, a corporation, of the sum of money sued for, as said claim for attorney's fee constitutes a valid, equitable interest for and against said claim of the respondent Truckee Land Company.

In the ninth paragraph it is averred that appellant has defenses against said motion by the respondent Truckee Land Company, which are not available in a court of law, but which will be considered by this court; that to permit the prosecution of said motion or action at law against the complainant would produce a multiplicity of suits.

In the tenth paragraph it is alleged that there is a long, complicated, and disputed account existing between the Truckee Land Company and this complainant, as to attorney's fees for services rendered by this complainant to the Truckee Land Company, which claim is more than the amount claimed in said motion or suit at law, and that any money in the hands of the complainant, belonging to the Truckee Land Company, should constitute a valid, equitable set-off against said claim of respondent Truckee Land Company.

In the eleventh paragraph it is averred that the complainant, as an attorney for the Truckee Land Company, rendered many different and various legal services for the Truckee Land Company, at various times, beginning July 14, 1926, up to March 10, 1927, for which he has not been paid, and that it is necessary for an accounting to ascertain what amount is due to him for said services, after applying thereon any amount found in the hands of this complainant belonging to that respondent.

It is further averred that part of the services rendered for said land company, by appellant, and for which he has not been paid, was the defense of a foreclosure sale of seven different suits, in Pensacola, Fla., involving the total amount of $148,431.67 as due on said purchase-money mortgages, and the filing of a $10,000 suit in Montgomery county, for damages, and many other matters; that five of the above suits were transferred from the circuit court, or court of like jurisdiction, in Escambia county, Fla., to the United States District Court, at Pensacola, and that an appeal was taken from an interlocutory order and tried in the Court of Appeals at New Orleans.

The prayer of the bill was for an order restraining the further prosecution, by the said Cairns and Truckee Land Company, of their said motions in the circuit court of Jefferson county, pending final hearing and decree in this cause, and that, upon a final hearing, the prosecution of said motion be permanently enjoined, and for an accounting between the Truckee Land Company and appellant, to ascertain what amount, if any-

thing, that company was due appellant, and to apply thereon the amount ascertained to be in the hands of complainant, due the said land company, and for a decree in favor of appellant, against said land company, for any balance due appellant. There was also an alternative prayer for relief, if mistaken in that prayed for.

The bill was presented to Hon. Roger Snyder, one of the judges of said court, who entered a fiat or order restraining the said respondents from the further prosecution of said motions pending final hearing and decree, upon complainant entering into a bond. Bond was executed and approved by the register, as provided in said order and temporary writ of injunction issued.

On March 24, the respondents demurred to the bill on numerous grounds, and on said date filed motion to dissolve and discharge the said injunction.

On March 25, 1927, the cause came on to be heard before Hon. William M. Walker, upon the demurrers of the respondent and the said motion to dissolve the injunction, and, on that day, said judge rendered a decree sustaining the demurrers and granting the motion to dissolve and discharge the injunctions issued, and, further, dismissing the bill of complaint at the cost of appellant. From this decree, the appellant has appealed.

On March 27, Hon. Roger Snyder, on application of complainant, entered a decree reinstating the injunction theretofore issued pending appeal. Respondents appellees file motion here to discharge said injunction.

J. S. McLendon, of Birmingham, for appellant.

Attorneys have a lien on all properties or money of their clients in their possession, for services rendered with reference thereto. Code 1923, § 6262; Hale v. Tyson, 202 Ala. 107, 79 So. 499. The defense of set-off was not open to complainant in the motions at law. Equity has jurisdiction of a suit to compel a set-off which is not available at law. Oliver v. Holt, 11 Ala. 574, 46 Am. Dec. 228; O'Neal v. Brown, 21 Ala. 482; McTighe v. McLane, 93 Ala. 628, 11 So. 117; 1 Pom. Eq. Jur. (3d Ed.) § 189; Farris v. Houston, 78 Ala. 250; Watson v. Hamilton, 211 Ala. 688, 101 So. 609; Boone v. Byrd, 201 Ala. 562, 78 So. 958; 22 Cyc. 801. The mere fact that complainant collected money for respondents does not deprive him of his right to set off debts owed by them to him. White v. Ward, 157 Ala. 345, 47 So. 166, 18 L. R. A. (N. S.) 568; In re Paschal, 10 Wall. 483, 19 L. Ed. 992. The bill shows ground for an accounting, and has equity. 1 C. J. 621, 622; Hall v. McKeller, 155 Ala. 508, 46 So. 460; Halsted v. Rabb, 8 Port. 63; Kerr v. Camden Steamboat Co., 15 S. C. Eq. 189; Ludlow v. Simond, 2 Caines Cas. (N. Y.) 1, 2 Am. Dec. 291. The bill was erroneously dismissed

without opportunity to amend., Coleman v. Butt, 130 Ala. 268, 30 So. 364; Brown v. Mize, 119 Ala. 10, 24 So. 453; Bell v. Montgomery Co., 103 Ala. 275, 15 So. 569; West v. L. & N., 137 Ala. 568, 34 So. 852; Blackburn 'v. Fitzgerald, 130 Ala. 584, 30 So. 568. The only method to question the propriety of the order reinstating the temporary injunction was in the lower court. E. & W. R. Co. v. E. Tenn. Co., 75 Ala. 275.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellees.

When an injunction is dissolved by a judge, it can only be reinstated by the judge before whom the case was heard on by a judge of the Supreme Court. Code 1923, § 8312; Coker v. Hughes, 205 Ala. 344, 87 So. 321; Hale v. Worthington, 210 Ala. 544, 98 So. 784. There must be some other grounds than equitable set-off for a party to resort to equity. Gafford v. Proskauer, 59 Ala. 264; Knight v. Drane, 77 Ala. 373; Elliott v. Sibley, 101 Ala. 349, 13 So. 500; Samuels v. Scott, 212 Ala. 679, 103 So. 848; Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48; White v. Wiggins, 32 Ala. 424, Tate v. Evans, 54 Ala. 16; Simmons v. Williams, 27 Ala. 507. The averment that there is a long and disputed account, etc., is insufficient to give equity to the bill. Reilly v. Woolbert, 196 Ala. 191, 72 So. 10; German v. Browne, 137 Ala. 429, 34 So. 985. In order to give the equity court jurisdiction on the ground of presenting a multiplicity of suits, it must appear that there is a community of interest in the subject-matter of the several suits. Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 So. 198; Hamilton v. Ala. Power Co., 195 Ala. 444, 70 So. 737; Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 So. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692. In the summary action at law, complainant could set off whatever claim he has for attorney's fee. Code 1923, § 10267; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L. R. A. (N. S.) 568; Bush v. Bumgardner, 212 Ala. 456, 102 So. 629. Or could institute independent action to recover. 1 C. J. 1110; 34 Cyc. 758; De Sylva v. Henry, 3 Port. 132. Motion to discharge is proper remedy to raise question of authority of a judge to order an injunction. E. & W. R. Co. v. E. Tenn. Co., 75 Ala. 275. The bill is demurrable for misjoinder and multifariousness.

BROWN, J. The statute (Code of 1923, § 6262) gives attorneys at law "a lien on all papers and money of their clients in their possession for services rendered them, in reference thereto," and the statute (Code of 1923, § 8935) provides that "any lien may be enforced in the manner provided by statute, if so provided, or in equity." Russell v. Thornton et al., ante, p. 60, 112 So. 347.

While the bill avers that the relation of attorney and client has never existed between the complainant and Jessica B. Cairns, one of the movants for a summary judgment against complainant, and that the money now in his possession was not collected by him in that capacity, facts which would constitute a competent defense to the motion (In re Attorney, 63 How. Prac. [N. Y.] 152), it also avers that the entire sum in his possession, amounting, to $3,402.34, belongs to the other respondent, Truckee Land Company, who is also moving for a summary judgment, for a sum greatly less than is due complainant for services rendered to said land company, and subject to complainant's lien for services rendered.

[1, 2] We are therefore of opinion, taking the facts apparent on the face of the bill, though illy pleaded, it is not subject to the objection that it is wanting in equity, or that there was a misjoinder of parties. The statute gives a court of equity jurisdiction to enforce complainant's lien, and it appears that the respondent Cairns is asserting a right to recover some of the money, which, according to the averments of the bill, is subject to complainant's lien (Code of 1923, § 8935; Russell v. Thornton et al., supra; McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746; Barker v. St. Quintin, 12 M. & W. 451), and all parties claiming an interest in the subject-matter of the suit are necessary parties (Harwell v. Lehman & Co., 72 Ala. 344; Seay v. Graves, 178 Ala. 131, 59 So. 469).

The statute (Code of 1923, § 8935) first appeared in the Code of 1907 as section 4829, since the decision of German v. Browne et al., 137 Ala. 429, 34 So. 985, rendering that case inapt as an authority.

[3, 4] The bill, however, was subject to the objections that the averments "that the money claimed in said motion by Jessica B. Cairns is in equity the money of the Truckee Land Company," and that "a long complicated and disputed account existed between the Truckee Land Company and complainant," are mere conclusions of the pleader. While complicated accounts between the parties are not essential to the equity of the bill, where such state of accounts is asserted, good pleading requires more than a mere averment of the pleader's conclusion. Reilly v. Woolbert, 196 Ala. 191, 72 So. 10. And the bill should aver with certainty the services rendered by the complainant and the amount claimed therefor.

[5] Following the prayer for relief the complainant offers to do equity, and submits himself to the jurisdiction of the court, and agrees to abide by all the orders of the court to that end. This seems to follow the approved practice. Sim's Chancery Practice, § 292. However, in this case, in view of the provisions of section 10267 of the Code, we are of opinion that the complainant should go further, and, with his offer to do equity,

pay the money into court, so that on final hearing the court can award the money to the parties entitled thereto, without the necessity of issuing compulsory process.

[6, 7] The application for reinstatement of the injunction, pending the appeal, should have been made to Judge Walker, who entered the decree dissolving it, and in case of his refusal, if complainant desired to press the matter further, he should have renewed the application to a Justice of the Supreme Court. Code of 1923, § 8312. Judge Snyder was without authority in the premises, and the motion to discharge the injunction as reinstated, pending this appeal, will be granted. The motion was not waived by its submission along with a motion to dissolve. Code of 1923, § 8302.

We are of opinion that the bill should not have been dismissed without giving the complainant an opportunity to amend. The reinstated injunction pending the appeal is discharged, the decree of the circuit court, in so far as it sustained the demurrers to the bill, is affirmed, but that part of the decree dissolving the injunction and dismissing the bill is reversed, the original injunction is reinstated, and the cause is remanded, with leave to the complainant to amend the bill within 20 days, as he may be advised. Half of the cost of this appeal is taxed against the appellant, and the other half against the appellees.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.