### VICKREY v. CITY OF SIOUX CITY et al.

#### (Circuit Court, N. D. Iowa, W. D.    October 16, 1900.)

1. MUNICIPAL BONDS—STREET IMPROVEMENT—APPLICATION—CITY'S DUTY—DIVISION OF PROCEEDS.

Acts 20th Gen. Assem. Iowa, c. 20, § 1, declares that cities may improve streets, etc., and assess the cost on abutting property, and provides that such assessment shall constitute a sinking fund for the payment of the improvement of the street on which the property abuts, "and should be used and appropriated for no other purpose," and, to provide for defraying the cost of such improvements in the first instance, the city may issue bonds, all of which shall express on their face the name of the street to defray the cost of which they were issued, and that the proceeds of such bonds shall be used for no other purpose than the payment of the cost of improving the particular street therein named. *Held*, that a city, having issued such bonds, was charged, as a trustee, with the duty of collecting and applying thereon the assessments on the property abutting on the particular street therein named.

2. SAME—TRUSTS—APPRAISEMENT—EQUITY JURISDICTION.

Where a bill against a city having issued bonds for a street improvement under Acts 20th Gen. Assem. Iowa, c. 20, § 4, charged that the city had misappropriated assessments collected to other streets, in violation of the act, and to the payment of other bonds, and that other assessments were still uncollected, which the city would also misappropriate unless restrained, a court of equity had jurisdiction to compel the city to perform its duty, as trustee, to collect and properly apply such assessments; notwithstanding the city, by the terms of the bonds, had incurred an absolute liability for their payment, which would sustain an action at law.

In Equity.    On demurrer to bill.

Wright, Call & Hubbard, for complainant.
J. N. Weaver, for defendants.

SHIRAS, District Judge.   In the bill herein filed, and the amendments thereto, it is averred that the complainant is the owner of $19,400 of district improvement bonds issued by the city of Sioux City in the years 1888, 1889, 1890, and 1891; the same having been issued under the provisions of the act of the 20th general assembly of the state of Iowa approved March 15, 1884, and the ordinance of the city approved April 18, 1887, both of which are printed upon the back of the bonds.   It is further averred that these bonds are wholly unpaid; that under the provisions of the act of the 20th general assembly it was the duty of the city to assess the proper special tax against the several properties in the bill described, abutting on the streets and alleys which were paved and improved under the resolutions of the city council, and to apply the several assessments, when collected, to the payment of the bonds issued for that particular improvement; that, by resolutions duly adopted, the city council from time to time ordered improvements to be made upon the streets and alleys named in the resolutions, and issued improvement bonds therefor, and levied special assessments upon the abutting property in order to create the sinking fund required to pay the bonds issued as the same matured, and provided for in section 4 of the act of the 20th general assembly; that instead of applying the several special assessments, when collected, to the payment of the bonds issued for the improvement of the abutting property liable to the special assessment, the city, without right or authority so to do, created three so-called improvement districts in the city, and paid out and applied the assessments collected within the several improvement districts to the payment of the bonds as they matured, without reference to the rights of the holders of the bonds yet to mature, thus diverting the special assessments levied for the improvement of particular streets and alleys to the payment of bonds issued upon wholly different improvements; that, through the misconduct of the city in this and other ways alleged in the bill, the sinking fund provided for in the act of the general assembly has been depleted and misapplied; that there now remains in the city treasury an aggregate of $28,983.98 received and collected from the special assessments levied upon the property abutting on the several streets and alleys, and portions thereof, upon which improvements have been made under the resolutions of the city council adopted from time to time; that there remains unpaid of the improvement bonds issued by the city some $274,554, including those owned by complainant; that the bondholders are equitably the owners of the money in the city treasury collected from the special assessments; that owing to the wrongful mingling of the moneys received from the several special assessments by the city, and the misapplication of a large part of the moneys thus derived, it is now impossible to separate out the particular moneys properly applicable to the several bonds remaining unpaid, and equity can only be done by holding the money now in the treasury, and all amounts hereafter received from the special assessments, as a common trust fund for the benefit of all the holders of the improvement bonds remaining unpaid, and to that end this suit is brought, not only for the benefit of the complainant, but also for the benefit of the other holders of improve-

ment bonds who may wish to join in the proceedings, it being prayed that a proper accounting be had; that the complainant be awarded his proper share of the special assessment funds in the city treasury, with a judgment for the balance left unpaid of the bonds and coupons against the city. And an injunction is asked, restraining the city and its treasurer from paying out any portion of the special assessment funds until the rights of the complainant have been duly awarded and decreed. To this bill a demurrer has been interposed on behalf of the city, and in support thereof it is urged that upon the face of the bill it appears that complainant has a sufficient remedy at law, and therefore a court of equity will not entertain a bill in his behalf. It cannot be well questioned that the bonds sued on contain an absolute promise on behalf of the city to pay the amounts thereof to the payee or bearer, and therefore it is true that in an action at law the holders of the bonds could recover judgment for the sums due thereon against the city. It is equally true that, under the provisions of the act of the general assembly authorizing the issuance of the bonds, the city assumed the duty of creating and properly applying the sinking fund provided for in the act, and to that end was charged with the duty of levying the special assessments called for by the act, collecting the same, and making proper payment thereof to the bondholders. In these particulars the city is charged with a duty amounting to a trust. The inducement held out to the purchasers of the bonds was that payment thereof would be provided for by the levy and collection of the special assessments upon the property abutting on the improved streets and alleys, and the bondholders have the right to call the city to account for the manner in which this trust duty has been performed. Thus, in Taylor v. Benham, 5 How. 232–274, 12 L. Ed. 130, it is said:

"Every person who receives money to be paid to another, or to be applied to a particular purpose, to which he does not apply it, is a trustee, and may be sued either at law, for money had and received, or, in equity, as a trustee, for a breach of trust."

In the bill filed herein it is averred that the city has failed to properly collect and apply the special assessments levied, and that it now has on hand several thousand dollars, the proceeds of the special assessments levied for the payment of the bonds in the bill described; and one object of the suit is to reach this fund, and compel its proper application in the payment of the bonds yet outstanding,—a purpose which cannot be accomplished in an action at law, but which demands the more efficient power of a court of equity. The fact, therefore, that the bondholders can obtain a judgment at law against the city for the amounts due upon the bonds does not oust the jurisdiction in equity, for the reason that the judgment at law would not enable the bondholders to control the fund in the possession of the city, nor to control the action of the city with respect to the funds that may hereafter be collected from the special assessments; and therefore the legal remedy is not adequate and effectual to settle and protect the rights of the bondholders. Upon the general question of the trust relation assumed by the city with respect to the assessment, collection, and application of the special assessments necessary to

create the sinking fund provided for in the act authorizing the issuance of the bonds, see Warner v. City of New Orleans, 167 U. S. 467, 17 Sup. Ct. 892, 42 L. Ed. 239; Id., 175 U. S. 120–135, 20 Sup. Ct. 44, 44 L. Ed. 96; and Allen v. City of Davenport, 107 Iowa, 92, 77 N. W. 532.

The nature of the duty imposed upon the city with respect to these special assessments more clearly appears when we consider the next question presented by the demurrer, and that is whether, under the provisions of the act of the general assembly, and the terms of the bonds, the assessments, when collected, should be applied in payment of the particular bond issued for the improvement upon which the assessment is based. It is averred in the bill that the city created three improvement districts, covering the entire area of the corporation, and that the sums realized from the special assessments in the several districts were applied indiscriminately to the payment of the bonds representing an improvement upon any of the streets or alleys embraced within the district, and as a result thereof bonds issued for improvements upon streets, or portions thereof, where the assessment upon the abutting property has not been paid, and the property is insufficient in value to realize the assessment thereon, have been paid in full out of moneys collected on assessments on the more valuable property, while the bonds issued to pay for the latter improvements remained unpaid; and the question presented by the demurrer is whether the city had the right to thus apply the moneys paid in on the special assessments levied upon the abutting property. In section 1, c. 20, of the Acts of the 20th General Assembly, it is enacted that the city shall have power to improve the streets, avenues, alleys, and highways, or portions thereof, and to "levy a special tax, as hereinafter provided, on the lots and lands fronting and abutting on such street, highway, avenue or alley, and, where said improvements are proposed to be made, to pay the expenses of the same." In section 3 it is provided that the city "shall, for the purpose of effectuating the objects enumerated in section one hereof, have power, by ordinance, to create improvement districts, which shall be consecutively numbered." It is further provided that the cost of improving any street or highway within the improvement district "shall be assessed upon the lots and lands abutting the same in proportion to the front feet so abutting upon such street, highway, avenue or alley, where said improvements are proposed to be made." In the same section, after providing for the method of payment of the assessments, it is further enacted that "said taxes shall constitute a sinking fund for the payment of the costs of the opening, extending, widening, grading, or any other improvements herein specified, of the street, highway, avenue, or alley, on which the property abuts, upon which the same are levied, and shall be used and appropriated to no other purpose, than the payment of the costs of said improvements, and any bonds which may be issued as hereinafter provided." In section 4 it is provided that "for the purpose of paying the costs of the improvements mentioned and specified in section three hereof, and which costs are to be assessed and levied as aforesaid upon the lots and lands as aforesaid, the council of any such city shall have power, and

may by ordinance, cause to be issued bonds of said city, * * * all of said bonds * * * to express on their face the name of the street, highway, avenue or alley to defray the cost of which they are issued, * * * The proceeds arising from said bonds shall be applied exclusively to and appropriated and used for no other purpose than the liquidation of the costs of the improvements as aforesaid to and upon the particular street, highway, avenue, or alley, to defray the cost of which said bonds are issued." These provisions of the statute clearly show that, in undertaking street improvements, it is expected that the city council will define the particular street, highway, or alley, or part thereof, that it is proposed to improve, and the cost of this particular improvement will then be assessed upon the property abutting thereon, and the money derived from such special assessment will constitute a sinking fund to pay the cost thereof, or, if bonds have been issued to meet the expense in the first instance, then the sinking fund is to be applied to the payment of the bonds issued for that particular improvement. It is only property abutting on the particular street or part thereof that it is proposed to improve that can be assessed for the cost thereof. The assessment provided for in the act is upon the basis of the frontage of the property abutting on the street that is improved, and under its provisions the city cannot impose a frontage assessment upon property that does not abut on the improvement, but which may be situated a mile or more therefrom, and upon a different street or highway. To secure the proper application of the moneys derived from the special assessments, the act, as already stated, expressly declares that each improvement bond issued must "express on its face the name of the street, highway, avenue or alley to defray the cost of which they are issued"; and the several bonds sued on expressly recite that they are issued "for the purpose of defraying the cost of improvements on [a named street, or part thereof, as, for instance, Douglas street from Fourteenth to Twenty-First street], in said district No. ———, which is chargeable to the property abutting thereon; and the last four installments of the special taxes and assessments assessed and levied, or to be assessed and levied, as authorized by the aforesaid statute, on the lots and lands abutting on the aforesaid street, shall be and constitute a sinking fund for the payment of this bond, and interest thereon, and to be used and appropriated to no other purpose until this bond, and interest thereon, shall have been paid and fully discharged." When the city issued improvement bonds in pursuance of the authority conferred by the act of the 20th general assembly, and placed therein the recitals just quoted, it certainly represented to the purchasers of the several bonds that a sinking fund consisting of the proceeds of the special assessments levied upon the property abutting on the street or portion thereof named in the bond would be created, and applied to the payment of the particular bond issued to pay for the specified improvement. The duty of creating this sinking fund and properly applying the same was assumed by the city, which thereby became a trustee; and as the bill charges past failures in the proper performance of its duties as trustee, in that the city has collected assessments that should have been applied only to the payment

of the bonds held by complainant, and has otherwise used the same, and also charges that there is in the city treasury some $28,983 collected from special assessments, and that there are other special assessments remaining yet uncollected, and that the city, unless restrained from so doing, will continue to misapply the moneys constituting the sinking fund, which should be applied only in the mode pointed out in the statute, there is good and sufficient ground for holding that the suit is one within the equitable jurisdiction of the court, in that the purpose is to call the trustee to an account for past misfeasances, and to control the action of the trustee in the future in making disposition of the special assessment funds now in the treasury, or which may hereafter be collected on the special assessments described in the bill. Relief of this character is not obtainable in an action at law, and therefore the equitable jurisdiction cannot be defeated on the ground that complainant has a complete and adequate remedy at law. Demurrer overruled, with leave to defendant to answer by December rule day.