## WILKINS v. FOLSOM. (4 Div. 992.)

(Supreme Court of Alabama. June 22, 1922.)

**Taxation ⬥572—Tax collector may bring suit in equity to enforce lien.**

The lien granted a tax collector by Acts 1919, p. 448, § 412, upon the real and personal property of a person for the payment of taxes is a new, distinct, and independent lien, and is not governed by any statutory conditions applicable to an original proceeding by the state for the satisfaction of a state or county lien, but may be enforced by a suit in equity under Code 1907, § 4829, providing for the enforcement of liens in general.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by Fred Folsom to enforce lien for taxes due him as tax collector against T. F. Wilkins. From a decree overruling demurrers to the bill, defendant appeals. Affirmed.

The bill of complaint shows that the complainant, Folsom, was tax collector of Coffee county; that the respondent, Wilkins, gave to complainant his check for $42.49, covering his taxes due on October 1, 1920, with interest and fees; that said check was not paid by the bank upon which it was drawn, and has never been paid; and that in his settlement with the state and county officials he has been charged with the amount which respondent thus owed and which complainant should have collected from him.

The bill further shows that respondent has property in said county subject to the payment of said taxes, among which are certain lands described therein. Wherefore complainant alleges that he has a lien on said lands for said amount, and prays that such a lien be declared, and for such other relief, general and special, as he may be entitled to.

Respondent demurred to the bill on the grounds:

"(1) There is no equity in said bill.

"(2) The complainant has an adequate remedy at law.

"(3) It does not appear from the allegations of said bill that the complainant has any lien for taxes which can be enforced against this respondent for the payment of state and county taxes.

"(4) The allegations of said bill fail to show any lien upon the said land of the respondent which may be enforced by this court by sale of the lands for taxes.

"(5) It does not appear that the complainant has paid state and county taxes of the respondent.

"(6) It does not appear that the complainant was authorized by respondent to pay said state and county taxes."

J. A. Carnley, of Elba, for appellant.

Subrogation does not lie in favor of appellant, and he cannot claim a lien under

that doctrine. 29 W. Va. 673, 2 S. E. 863; 25 Miss. 173; 23 Iowa, 410; 38 Mo. 125; Cooley on Tax'n (3d Ed.) 805. Lands cannot be sold for taxes until personal property is exhausted, and report of delinquency must be shown before land can be sold to satisfy tax lien. 148 Ind. 431, 47 N. E. 831; Cooley on Tax'n (3d Ed.) 829; 49 Ind. 285; 174 Ala. 133, 56 South. 994; 80 Ala. 565, 1 South. 38; 94 Ala. 597, 10 South. 537; 71 Ala. 529; 78 Ala. 486; 57 Ala. 481; 81 Ala. 409, 1 South. 106; 109 Ala. 217, 19 South. 723; 84 Ala. 236, 4 South. 185; 108 Ala. 635, 19 South. 47; 133 Ala. 392, 32 South. 602; 200 Ala. 287, 76 South. 53.

W. W. Sanders, of Elba, for appellee.

Appellee, as tax collector, had a lien on appellant's real and personal property. Acts 1919, p. 448, § 412. It was not necessary that the personal property be first exhausted. Acts 1919, p. 412, § 212.

SOMERVILLE, J. The bill of complaint is filed under section 412 of the Revenue Act of 1919 (Gen. Acts 1919, p. 448), which is as follows:

"When any tax collector fails to collect any taxes and the same are charged against him on settlement with the state or county, the collector shall have a lien upon the real and personal property of the person, firm or corporation against whom such taxes were assessed, if same were properly assessed against such person, firm or corporation for repayment to him of such money which lien may be enforced in favor of such tax collector in the same manner that the liens for taxes in favor of the state and county may be enforced, at any time within twelve months after same are charged against such tax collector."

It will be observed that the lien thus given to tax collectors is a new, distinct, and independent lien, which does not depend upon the equitable doctrine of subrogation. The case made by the bill of complaint is clearly within the provision of the act for the enforcement of a collector's lien, and is not governed by any of the statutory conditions applicable to an original proceeding by the state for the satisfaction of a state or county lien for taxes.

The collector's lien is upon "the real or personal property" of the delinquent, either or both, and equally. The only conditions as to its creation and enforcement are found in the act itself, and there is no requirement that the lienor shall first resort to the delinquent's personal property, if he has any, nor that resort to real property must be predicated upon a showing that no personalty is available, as there is in proceedings by the state for a sale of real property for the satisfaction of delinquent taxes, to which alone the authorities cited by appellant's counsel are applicable.

As to the remedy, the lien "may be enforced * * * in the same manner that the liens for taxes in favor of the state and county may be enforced." But this provision does not exclude the remedy in equity given by section 4829 of the Code for the enforcement of liens in general. Mathis v. Holman, 204 Ala. 373, 85 South. 710; Wise v. State, post, p. 58, 93 South. 886.

We hold that the bill of complaint is properly filed, and is not subject to any of the grounds of demurrer assigned.

The decree overruling the demurrer will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.