145 So. 649

## BRANTLEY v. KELLY.
### 3 Div. 26.

Supreme Court of Alabama.
Jan. 19, 1933.

Edwin C. Page, Jr., of Evergreen, for appellant.

[1] 225 Ala. 403.

Hamilton & Jones, of Evergreen, for appellee.

### ANDERSON, C. J.

Bill filed by appellee, Kelly, tax collector, to enforce a lien given him by section 377 of the Revenue Code of 1929 for taxes he had failed to collect from the McCreary-Alford Company, a corporation, and which was charged against him on final settlement with the state and which he was forced to pay. This section was considered in the case of Wilkins v. Folsom, 208 Ala. 24, 93 So. 547, wherein it was held that the tax collector could maintain a bill in equity to enforce the lien regardless of a legal remedy or the right to an equitable subrogation, and this bill seems to be filed with this authority in view.

■ The appellant's main point, as presented by brief, is that the corporation was not liable for any tax except upon the real and personal property owned by it and not for the stock of the individuals who were personally liable for the tax and there was no legal duty upon the corporation to pay same—that section 26 of the Revenue Code requires the stock to be assessed against the stockholders and he shall be liable for the tax, and notwithstanding said section provides that the corporation "shall pay for the shareholders the tax assessed against his shares, and the amount so paid for any shareholder shall be a lien on any interest which such shareholder ·may have in any property owned by the corporation," that this is intended as a mere mat-ter of convenience and fixed no legal liability on the corporation for the tax on the stock. This question might be involved had the corporation assessed the stock to the shareholders and complied with section 26 as to the listing of same, etc., as there required, though we do not mean to hold that the corporation would not be liable even if this had been done. This question may be pretermitted for the reason that the corporation did not comply with or avail itself of section 26 in the assessment of the stock, but omitted to furnish a list of the shareholders and availed itself of section 29 which permits the omission of the stockholders in the event the corporation agrees to pay the tax, and which was done in the assessment. Therefore, the corporation became primarily liable for the tax both as to the stock as well as the property.

■ It is next urged that the trial court erred in holding that the complainant had a lien superior to Brantley's mortgage—that while section 377 of the Revenue Code gave the tax collector a lien, it does not expressly make it superior to other liens. We think it was the purpose of this provision to place the tax collector, who had been forced to pay this tax, in the shoes of the state as to right and remedy. He no doubt had the right to an equitable subrogation. Wilson v. White, 82 Ark. 407, 102 S. W. 201, 12 Ann. Cas. 378 and note; Sheldon on Subrogation, §§ 4–7. And this statute was intended to also give him a legal remedy. True, the bill here, as did the one in the Folsom Case, supra, proceeds upon the theory of enforcing a lien under the general rule of enforcing liens in equity; but apart from this right, it has a general prayer for relief and the facts establish an equitable subrogation, and the granting of relief upon this theory will in no sense be a departure from the original purpose of the bill. Mobile Land Improvement Co. v. Gass, 142 Ala. 520, 39 So. 229.

■ It is next insisted that the property of the corporation was sold for taxes in the year 1931 and that this mortgagee, Brantley, became the purchaser and this sale had the effect of wiping out all previous tax liens. Reliance for this is based upon the cases of Thorington v. City Council of Montgomery, 88 Ala. 548, 7 So. 363, and Winter v. City Council of Montgomery, 101 Ala. 649, 14 So. 659. It must be noted that in the Thorington Case, supra, this rule applies to one who purchases without notice. Here, Brantley had notice of the complainant's lien ·when he purchased at the tax sale in 1931, as this bill had been filed and he was a party thereto. Moreover, it was held in the Winter Case, supra, that when the purchase is made by the delinquent owner, or for the benefit of the owner, this has the effect of a redemption and the property becomes subject to the lien for taxes which were delinquent prior to said sale.

Here, Brantley was not only the mortgagee, but had foreclosed his mortgage and was in fact the owner of the land when he purchased at the tax sale in 1931.

We do not think the trial court erred in not holding that this complainant was estopped from asserting his lien because of his failure to collect the tax out of the stockholders. The corporation had not listed the stockholders as provided by section 26 of the Revenue Code, but assumed the payment of the tax under section 29 and thereby became primarily liable for same and the liability of the stockholders was only secondary, if at all, a point we need not decide.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.