### MOORE v. HOWARD, City Clerk.

8 Div. 512.

Supreme Court of Alabama.

June 29, 1933.

220

Atwell J. Brown, of Birmingham, for appellant.

W. H. Mitchell, of Florence, for appellee.

Armbrecht, Hand & Twitty, of Mobile, amici curiæ.

THOMAS, Justice.

The suit is for injunction to prevent redemption and paying off of certain paving bonds out of the proceeds of collections of installments of assessments on abutting property, in preference to other bondholders of the city so secured by like liens on the same property. The trial court sustained demurrers to the original bill, and that ruling is assigned as error.

The facts averred are that petitioner and Drane are holders of like bonds on the same paving project and secured by assessments on abutting properties; that the bond issue was of date of March 3, 1925 (after the Code of 1923 became effective); that "the said City of Florence now has on hand as the *proceeds of said installment payments*, a sum in excess of Three Thousand Dollars ($3,000.00), and that under the provisions of section 2225 of the Code of Alabama for 1923, the said City of Florence has elected to pay off the three bonds owned by the said R. W. Drane, and has given notice of its intention to redeem and pay off the said bonds owned by the said R. W. Drane as provided for in

said section 2225, and has authorized and directed the respondent to redeem and pay off the said three bonds owned by the said R. W. Drane out of the proceeds of the *collection of installments of said assessments* levied on said property for said improvements, and that the said respondent will pay off said bonds unless restrained by the order of this Honorable Court. * * * That each of the owners of said bonds is equally entitled in proportion to the number of bonds held to the benefit of all assessments and of all payments thereon and avers that as the owner of one of said bonds, he is entitled to one-two hundred and sixty-third part of the collections of the installments now in the possession of said City of Florence, and which it is proposed to use to redeem and pay off the bonds of the said R. W. Drane. He avers that the City of Florence *is in default in the payment of said bonds and that the payment of said bonds of said R. W. Drane will be of irreparable injury to this complainant.* * * * That the proposed payment to the said R. W. Drane is in all respects in accordance with the provisions of section 2225 of the Code of Alabama for 1923, but he avers that said section is in conflict with section 22 and with section 95 of the Constitution of Alabama, and with section 10 of article 1 of the Constitution of the United States, in that section 2225 of the Code of 1923, impairs the obligation of the contract existing between the holders of said bonds described as Series P-3, in that it provides for the payment in full of such of said bonds as said City may designate out of a fund in which holders of the other of said bonds have an equal interest." (Italics supplied.)

The averment of fact of the amount of the proceeds of collections of installments or of the original assessments pledged to the payment of these bonds would appear to be material. It is insisted that, if it is made to appear that assessments pledged to the payment of bonds *are insufficient to retire all the bonds*, a city may not redeem any one or more of the bonds out of funds *pledged to the payment of all of the bonds.*

The decisions of this and the federal courts on the impairing of the obligation of a contract are considered in Howard, City Clerk, v. State ex rel. McGarry (Ala. Sup.) 146 So. 414; [1] and a phase of the question of taking property without due process, and the effect of the existing judicial construction of a statute which is considered to enter into a contract, were recently discussed in Great Northern Railway Company v. Sunburst Oil & Refining Company, 287 U. S. 358, 53 S. Ct. 145, 77 L. Ed. 360.

■ The respective bonds of petitioner and Drane were issued pursuant to the authority contained in sections 2174–2237 of the

[1] 226 Ala. 215.

Code of 1923. These statutes, and the former constructions pertinent thereto, entered into the contract of the city, and those of other bondholders on that project or public improvement are considered as incorporated therein. Howard, City Clerk, v. State ex rel. McGarry, supra; Great Northern Railway Company v. Sunburst Oil & Refining Company, supra; Meyers et al. v. City of Idaho Falls (Idaho) 11 P.(2d) 626.

The provisions for redemption of municipal bonds contained in section 47 of the Act of 1927 (Acts 1927, p. 547), codified as section 2294(47) of the Code of 1928, and the Act of September 30, 1932 (Laws 1932, p. 55), amending section 2216 of the Code of 1923, may be laid out of the case; these being statutes enacted subsequent to the issue of these bonds.

What, then, is the rule of law with reference to which the parties contracted? Is this to be answered merely from the provisions of the Code of 1923, § 2225, containing the provision that: "The said bonds shall be payable ten years from their date, but any bond or bonds so issued and sold shall, at the option of the city or town, be payable at any interest period, but in the event the city or town *should elect to pay* off any such bond or bonds before maturity, *it shall pay as a bonus to the holder thereof a sum equal to one-fourth the annual interest thereon,* and the city or town shall *give public notice of its intention to redeem* said bond or bonds, describing the same by number and series, by publication once a week for three consecutive weeks in a newspaper published in said city or town or of general circulation therein." (Italics supplied.)

The case of Howard, City Clerk, v. State ex rel. McGarry (Ala. Sup.) 146 So. 414, 419,[1] proceeded on the assumption and holding that such abutting property assessments constituted a trust fund for the benefit of all holders of bonds that were issued on that one issue, project, and improvement. It was there declared: "In the present case the lien of the bondholders (of date of June, 1923) is secured by a lien upon the special assessments, the proceeds of which assessments are a trust fund for the pro rata benefit of all of the holders of these bonds, and not for the benefit of any holder of one particular bond."

In City of Mobile v. Smith, 223 Ala. 480, 136 So. 851, 854, it was held the city is a statutory trustee for the collection, preservation, and application of paving bonds, and "stands as quasi surety for the payment of the indebtedness created for the betterment of the abutting property * * * and is entitled, in equity, to compel payment in discharge of its liability."

 A court of equity would therefore consider and protect the rights of all bondhold-

[1] 226 Ala. 215.

ers equally interested in that fund (First Nat. Bank of Abbeville v. Terry, Briggs & Co., 203 Ala. 401, 404, 83 So. 170) and within the contract of the parties.

 The foregoing statute (section 2225, Code of 1923), with its concluding provision as we have set out, must be considered in pari materia with the provision of section 2226, Code of 1923, as follows: "The council may provide by ordinance definite times when bonds of each series may be redeemed and may provide that bonds will not be redeemed until the maturity of the last assessment, in which event they shall establish a sinking fund for the purpose of paying such bonds at maturity. The funds in the sinking fund shall either be deposited in bank on special deposit, drawing interest, or may be invested by authority of the council by ordinance in like improvement bonds of said city."

See Act of 1927 (Gen. Acts 1927, p. 772); section 2225, Code of 1928; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226; Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264.

 Is the effect of the concluding provision of section 2225 to authorize the city to redeem some or a part of the bond issue out of funds pledged to the payment of all bonds, *when* it is made to appear that such funds will be insufficient to retire all the bonds so secured by that pledge? That Code section is general, and applies to cities of under and over 6,000 population. Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264.

The city of Florence was within the class of 6,000 or more population. That liability is beyond the assessment, and may be discharged out of the general fund of the city, and not alone out of the sinking fund or trust fund provided and required for the security of all holders of such bonds. The provision for "notice of its (the city's) intention to redeem said bond or bonds, describing the same by number and series" was to guard against impairing the obligation of the contract of the parties in interest; *to afford an opportunity alike to all such bondholders out of and as to the trust fund for payment.* If payment is to be made out of the general fund—*not from the trust fund so pledged*—the city has the right under the contract to bargain for such redemption on favorable terms and to accelerate the day of payment. No such right was within the statutes entering into the contract or affecting the common security and trust fund—the assessments on abutting property pledged and the sinking fund created from installment payments made thereon by the respective owners.

 The authority for acceleration of maturity was that contained in the concluding provision of section 2225 of the Code, for the

222

benefit of the city when funds are available and which may be applied. It was not an arbitrary power for the preferment of one bondholder in payment over another of the same project from the trust fund pledged for and to the payment of all similarly situated within the contract and the statutes. The limitation on the right of the city to redeem its bonds is that placed on any trustee in dealing with a trust fund; that is, he is required to respect his and the trust obligations to the several beneficiaries of that fund.

The conclusion of the pleader in paragraph 7 of the complaint, "that the proposed payment to said R. W. Drane is in all respects in accordance with the provisions of section 2225 of the Code of Alabama for 1923," is not in accordance with the reasonable interpretations of the provisions of the contract, susceptible of construction, and of the statutes that are applicable and which entered into the contract.

■ The demurrer is addressed to the bill as a whole; the bill sufficiently and affirmatively shows that said payment will be of *irreparable injury* to the complainant, as we have set out above from the 6th paragraph. The bill is construed with the bond exhibited. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90. When so considered, these bonds do not mature before May 1, 1935; the law pledges the payment thereof to be made in cash after final assessments made, and that in ten equal annual installments with interest. This constituted the trust fund. As the bill states and the demurrer admits, there are defaults in the payments of interest on the bonds. It is thus made apparent that the assessments are and have become insufficient to pay outstanding bonds to which *such fund* and payments on installments are pledged.

In Meyers et al. v. City of Idaho Falls (Idaho) 11 P.(2d) 626, the bonds were required to be paid in numerical order when there were sufficient funds for that purpose; held that, when it appeared there was an insufficiency of that fund to pay all bondholders, the statute directing payment in numerical order could not be applied under the rule of equality.

First Nat. Bank of Abbeville v. Terry, Briggs & Co., 203 Ala. 401, 404, 83 So. 170, 173, was a petition for writ of mandamus to compel payment of certain county warrants drawn on the road and bridge fund of the county; there were several contracts for which payment was engaged to be paid from some fund. It was there held: "As we understand the record before this court, it appears that there are outstanding warrants chargeable against the $9,030.08 that are not owned by the petitioners, 'appellees. The holders of these warrants are not before the court in this cause, and would not at this stage be bound by any judicial action taken in this proceeding. In such circumstances, it would be improper to compel the depository to pay from the sum of $9,030.08 the full amount of warrants described in the order of the court, when it is possible, if not probable, that the holders of these outstanding and unrepresented warrants would be entitled to share, with all other warrants in that series, under their respective contracts, in the order of their dates, in the proportion they bear to the whole amount of the warrants, maturing in 1917, issued under a contract to which the warrants in question are respectively attributable for their authority."

■ The Meyers and First Nat. Bank of Abbeville Cases were proceedings at common law. This is a bill in equity, where it is made apparent that there are other bondholders who have not been paid; that there is a "default in the payment of said bonds," from which it is the reasonable inference that the assessment fund is and will continue insufficient to pay all bonds and interest alike as the maturity may accrue. Under these averments, when the whole bill and its exhibits are looked to, and challenged as a whole by the demurrer, the court should not sustain the demurrer; praying, as the bill does, for an injunction to prevent irreparable injury by such preferences of payment from the trust fund—the proceeds of the collections of installments on said improvements. This case is within the rules or reason thereof applied in Howard, City Clerk, v. State ex rel. McGarry, 226 Ala. 215, 146 So. 414.

The decree of the circuit court is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

