City of Winter Haven, *et al.,* as City Commissioners, *et al.,* v. Sara Summerlin, *et vir.*

154 So. 863.
Division A.
Opinion Filed May 10, 1934.

*Henry L. Jollay,* for Appellants;
*A. Summerlin,* for Appellees.

DAVIS, C. J.—General obligation bonds were issued by the City of Winter Haven, Florida, under Chapter 6864, Acts of 1915, and Chapter 9299, Acts of 1923.* The bonds issued, in addition to pledging the full faith and credit of the city for their payment, contained a recital to the effect that

*These statutes appear as Sections 3016-3021 C. G. L.

the city had deposited with the Town Treasurer of Winter Haven, as required by the laws under which the bonds were issued, certificates of indebtedness in an amount not less than the total amount of said series of bonds.

The present suit was one in equity brought by appellee, as a holder of some of the matured bonds, against the appellants, the municipality of Winter Haven and the city officials of Winter Haven to compel an accounting of the proceeds of the certificates of indebtedness that the bonds recited had been deposited with the town treasurer. Injunctive and other equitable relief was prayed in addition to the accounting.

The chancellor overruled a motion to dismiss the bill for want of equity. The City of Winter Haven and its officials have appealed from that order, assigning as error, among other things, the holding of the circuit court that the bill was properly maintainable against the city commissioners and city treasurer as such, in their individual capacities, as proper parties defendant, in addition to the making of the municipality itself a party defendant to the bill.

The bill shows that complainant is the owner and holder of four past due Winter Haven improvement bonds, and that they each contain a recital as follows:

"IT IS FURTHER CERTIFIED AND RECITED that certificates of indebtedness in an amount not less than the total amount of this series of bonds have been duly deposited with the Town Treasurer of said Town, as required by the Laws of the State of Florida, and it is further certified and recited that all acts, conditions and things required by the Constitution and Laws of the State of Florida, and by the Charter of said Town, to exist, happen and be performed precedent to and in the issuance of this bond exist, have happened, and have been performed in regular and due form,

time and manner as required by law, and that the amount of this bond together with all other indebtedness of said Town, does not exceed any limitations imposed by the Constitution, the Statutes of Florida, or by the special laws governing said Town, or amendments hereto."

The bill further alleged that said certificates constituted a trust fund for the payment of the bonds of complainant; that the City of Winter Haven now has on hand uncollected only $15,429.06 of said certificates of indebtedness, and has outstanding bonds of said issue amounting to $23,666.67, and that difference of $8,237.31, or some other large amount of said trust funds, has been misappropriated or dissipated, so that the same is not now available for the express trust for which it was pledged; and charges that the said funds were so misused and dissipated by the defendant, the City of Winter Haven and/or its officers, O. P. Warren, O. C. Owen and Jay Stull as city commissioners, and John C. Terwilliger as treasurer of said city, constituting said city's governing authority, "or if said officers are found by the court as having acted without the pale of their authority as officers of said city in the appropriation and/or use of said fund for some other purpose than that for which it was pledged, then that said officers above named so dissipated said fund as individuals."

The bill further alleges that the defendants will further dissipate said certificates if not enjoined; that the City of Winter Haven is in default in payment of principal and interest of its bonds, and has refused to pay complainant's bonds, although long past due.

The bill prays, among other things, that an accounting be had to determine the amount of the funds collected by the defendants on the certificates of indebtedness described; that the defendants, or such of them as may be found from

said accounting to have misused or misappropriated such funds, be decreed by the court to immediately replace and restore such funds so misused and misappropriated, and to apply the same to the payment of the bonds and interest of the complainant, and that the said defendants be enjoined from further diversion of the said certificates of indebtedness of funds collected thereon, and that on final hearing the court, by its decree, require the defendants to make provision for the payment of the bonds in suit, by a sufficient tax levy on all taxable property in the City of Winter Haven, in event the court finds that the funds pledged to secure the said bonds have been dissipated and cannot be replaced.

Until the 1931 Chancery Act (Chapter 14658, Acts of 1931) a motion to dismiss a bill of complaint for want of equity is the equivalent of a general demurrer to the whole bill, and the motion should be denied if there is any equity in the bill, even though there are special prayers and allegations set forth therein which might not be capable of being considered or allowed in an equitable proceeding or by way of equitable relief. McCarthy's Chancery Act, Annotated, pages 58 and 59. Existence of an adequate remedy at law is not a ground for dismissing a bill in equity under the new chancery Act. Motion to transfer the cause to the law side of the court is the remedy where the bill states a good cause of action, but does not sustain an action for equitable intervention. Lyons Milling Co. v. Goffe & Carkener, 46 Fed. (2nd) 241; Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 47 Sup. Ct. Rep. 755, 71 L. Ed. 1297.

Where a bill in equity contains equity, but embraces allegations of matters and special prayers for relief that should be eliminated, one who is prejudiced thereby may move to strike out that part of the bill which is not good

or that claim or prayer of which an equity court has no right to take cognizance. McCarthy's Chancery Act, Annotated, note at page 60 and cases cited in support.

It is well settled that where a municipal corporation is charged by law with the duty of collecting special assessments and making proper payment thereof to bondholders to whom the assessments have been pledged as part of their security, the duty amounts to a trust that is cognizable in equity for the purpose of calling to account the municipality and its officers for the manner in which that trust has been performed. Vickery v. City of Sioux City, 104 Fed. 164. It is also well settled that where a trust is involved those who have undertaken the management of the trust, such as municipal officers, as well as the municipality itself, are proper parties to the bill in order that the relief when granted may be full, complete and effective.

Where statutes provide, as do the statutes pleaded as applicable to this case, that the proceeds of deposited municipal special assessment certificates or liens shall be applied exclusively to the payment or retirement of municipal bonds issued in whole or in part on the faith of the terms of the statute so providing, the legal effect of the deposit requirement is to create a statutory trust not only for the benefit of the municipality, but for the tax payers of the municipality and the bondholders, and either the municipality, or any taxpayer or any bondholder who asserts a beneficial interest in the faithful execution of the statutory trust, may maintain a suit cognizable in equity for an accounting with reference to such statutory trust. And in such suit the complainant may make as parties defendant thereto, all persons who have had, or may appear to have had, dealings with any of the trust assets in cases where any part of the same is alleged to have been impaired, lost, dissipated or wasted

by or for the benefit of the parties charged as defendants. See City of Leesburg v. Ware, 113 Fla. 760, 153 Sou. Rep. 87, decided January 18, 1934, at the present term.

It follows that the ruling on the motion to dismiss the bill of complaint must be affirmed and the cause remanded for further proceedings not inconsistent with this opinion.

Affirmed and remanded.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.