178 So. 16

**LAMAR v. RIVERS et al.**

**4 Div. 959.**

Supreme Court of Alabama.

Dec. 16, 1937.

Pitts & Pitts, of Selma, for appellant.

the lien created by section 1384 of the Code of 1907, the statute then in force, which has been brought forward in the Code of 1923 as section 2199, and in the municipal bond act of 1927, Acts 1927, § 28, p. 766.

There is an absence of averments in the bill as to whether or not the property owners exercised their option to pay within thirty days after the assessment was made final or over a period of ten years, under the provisions of sections 1401, 1402, Code 1907; sections 2216, 2217, Code 1923, Acts 1927, §§ 45, 46, pp. 769, 770; Acts 1932, Ex.Sess. p. 55.

It appears from the allegation of the bill that some of the owners at the time of the assessment have died and the heirs of such are the parties defendant, some of whom are minors, represented by guardians ad litem appointed by the court.

The defendants demurred to the bill on grounds that the bill is without equity; that the complainant's demand is barred by the statute of limitation of ten and twenty years; that complainant is seeking to enforce a stale demand and is guilty of laches; and that there is a misjoinder of parties defendant in that town of Hurtsboro is neither a necessary or proper party.

The circuit court sustained the demurrer, hence this appeal.

■ That such liens are enforceable in equity is too well settled to warrant discussion. Code 1923, § 8935; Wade v. Kay, 210 Ala. 122, 97 So. 129; Wilkins v. Folsom, 208 Ala. 24, 93 So. 547; McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3.

■ The provisions of section 8943 of the Code 1923, prescribing a limitation of ten years as to actions founded on contracts in writing under seal, actions for the recovery of lands or the possession thereof, and motions or other actions against public officers for misfeasance, nonfeasance, or malfeasance in office, are not applicable to the right of one holding a lien against real property as the security of a debt to enforce the same in a court of equity. Moore v. Williams et al., 129 Ala. 329, 29 So. 795. See Fleming v. Fowlkes & Myatt Co., 204 Ala. 284, 85 So. 690.

■ The right of the complaint predicated on an assessment for the cost of local improvements is not within the letter of section 8942 of the Code 1923,

H. A. Ferrell, of Seale, Roy L. Smith, of Phenix City, W. E. Dozier, of Hurtsboro, and Frank de Graffenried, of Columbus, Ga., for appellees.

BROWN, Justice.

The bill was filed May 27, 1936, by the complainant as the holder and owner of ten-year local improvement bonds, issued by the town of Hurtsboro, a municipal corporation in Russell county, on August 1, 1914, and according to the averments of the bill maturing on August 1, 1924. The bill is filed against the town and the abutting property owners against whose property the costs of the improvement was assessed and seeks to enforce

prescribing a limitation of twenty years for "actions upon a judgment or decree of any court of this state, of the United States," but its provisions are analogous, so far as applicable, to the common-law doctrine of prescription, founded upon public policy in the interest of repose, foreclosing judicial inquiry into human transactions after the lapse of twenty years without recognition or assertion of adverse rights. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Scott v. Scott, 202 Ala. 244, 80 So. 82.

This doctrine of prescription was embodied in the New York Revised Statutes, section 47, part 3, title 2, chapter 4, and was applied to liens arising from assessments for local improvements in Mayor, etc., of City of New York v. Colgate, 12 N.Y. 140, and Fisher v. Mayor, etc., 67 N.Y. 73; the court holding that the lien came into existence on the date of the final assessment and continued for a period of twenty years, after which it did not exist and could, of course, not be enforced. Subsequently, the Legislature of that state enacted a statute providing: "All taxes and assessments for city improvements * * * which may be laid or have heretofore been laid upon any real estate in the city and county of New York shall be and continue to be, until paid, a lien thereon." Laws N.Y.1871, p. 740, c. 381. In the case of Bell v. City of New York, 66 App.Div. 578, 73 N.Y.S. 298, the Appellate Division ruled that the purpose and effect of this last-mentioned act was to take such liens out of the rule of repose embodied in the declaratory statute.

By act passed at the extra session 1932, our Legislature passed the act approved November 8, 1932, providing that: "All liens for public improvements which cities and towns in this State *now have or may hereafter acquire* under the general laws of this State shall continue until same are paid or satisfied in full." Acts Extra Session 1932, p. 273. (Italics supplied.)

█ It will be observed by a comparison of our statute last above quoted with the New York statute that ours is much narrower in its scope, as indicated by the italicization, and it will be assumed that the Legislature was familiar with the well-settled canon of statutory interpretation that statutes in derogation of the common law will be strictly construed. Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660; Cook v. Meyer Bros., 73 Ala. 580.

█ The exigencies of the case at bar, however, do not require the application of that statute, as the bill here was filed well within the period of twenty years from the date of the assessments.

█ This leaves but two more questions to be considered, that of laches and misjoinder of parties. The last mentioned is settled against the demurrant in City of Marion v. Underwood, 231 Ala. 225, 164 So. 296.

█ The doctrine of stale demands or laches is a creature of courts of equity, based on lack of diligence and good faith in invoking the court's jurisdiction to the prejudice or disadvantage to the defendant, and is to be applied in respect to the circumstances and equities of the particular case. Hamilton v. Watson, 215 Ala. 550, 112 So. 115; Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Oxford et al. v. Estes et al., 229 Ala. 606, 158 So. 534. And is to be applied to the circumstances affecting the particular person. Bogle v. Bogle's Adm'r, 23 Ala. 544; Street v. Henry, 124 Ala. 153, 27 So. 411; Salvo v. Coursey, 220 Ala. 300, 124 So. 874; Oxford v. Estes, supra; United States Fidelity & Guaranty Co. v. Sinclair, 206 Ala. 549, 90 So. 298.

█ Where it does not affirmatively appear on the face of the bill that the complainant's cause of action is subject to the defense of staleness or laches, such defense cannot be presented by demurrer, but must be set up by plea or answer. Lovelace v. Hutchinson, 106 Ala. 417, 17 So. 623; Hinton et al. v. Gilbert et al., 221 Ala. 309, 128 So. 604, 70 A.L.R. 1192.

The judgment here is that the court erred in sustaining the demurrer. The decree is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.