185 So. 387

**CITY OF CARBON HILL et al. v.**
**MERCHANTS BANK &**
**TRUST CO.**

**6 Div. 389.**

Supreme Court of Alabama.

Dec. 22, 1938.

56

Curtis & Maddox and Wiggins & El-liott, all of Jasper, for appellants.

Foster, Rice & Foster and Gordon Madison, all of Tuscaloosa, for appellee.

KNIGHT, Justice.

The complainant, the owner and holder of six (6) street improvement bonds of the City of Carbon Hill, Alabama, (each of said bonds being in the sum of One Thousand Dollars, and bearing interest from date at six per cent per annum, payable semi-annually), filed this bill against the said City of Carbon Hill, and others, for foreclosure of the lien upon the improved property, also for an accounting and other incidental relief.

It appears from the averments of the bill that the bonds in question were issued and sold under the provisions of a certain street improvement ordinance, duly and legally adopted by the City of Carbon Hill, acting by and through its duly and legally constituted governing body. Said bonds were dated and issued on the first day of June, 1927, and were payable, each, ten years after date of issuance. It further appears that at the time of the filing of the bill the said bonds had all matured, and that, in addition to the principal sum represented by the bonds, there had accumulated a large amount of interest, which remained unpaid on each of said bonds.

The bonds, it is averred, were issued under the provisions of Sections 2223 to 2227, inclusive, of the Code of 1923, and

each contained the following provision: "For the payment of the principal and interest of this bond, the full faith and credit of said City of Carbon Hill are hereby irrevocably pledged. As additional security for the payment of the series of bonds, of which this is one, the proceeds of the assessments to be made against the property to be benefited by the improvements ordered by Street Improvement Ordinance No. 2 have been pledged, and the liens of the City of Carbon Hill thereon, transferred and assigned for the benefit of the holders of said series of bonds, with power to enforce the same, either at law or equity * * *." The bonds further recited that every requirement of law relating to the issue thereof had been duly complied with, and that the bonds were within "every debt and other limit prescribed by the constitution and laws of the State of Alabama." The bill also specifically averred that each and all of said bonds were within every debt and other limit prescribed by the Constitution and laws of the State of Alabama.

The bill also avers that the respondent A. C. Ramsey, as city clerk and treasurer, improperly diverted funds that should have been applied to the payment of said bonds to other indebtednesses of the city; and that the respondents Gilder, Kelley and McDonald, Commissioners of the City of Carbon Hill "caused, aided or encouraged" the diversion, use or payment of funds which should have come to complainant and other bondholders to some other use and purpose than that authorized by law, and further charged the said officials with gross negligence in the collection of the assessment and in the enforcement of the liens for the payment of the assessments. There are other averments in the bill charging dereliction of duty to these officials and to the clerk and treasurer not necessary to be here stated.

In addition to the foreclosure of complainant's lien on properties benefited by the local improvements, the bill seeks to hold, as for any deficit, the respondent A. C. Ramsey, city clerk and treasurer, and the respondents Gilder, Kelley and McDonald, Commissioners of said City, personally liable to the extent of any loss that was occasioned by their misuse or diversion of funds that should have been applied to the payment and discharge of complainant's said bonds, and other bonds issued under said Improvement Ordinance.

Discovery and an accounting are also sought.

The respondents, who are appellants here, separately demurred to the bill and to several of its aspects. The court overruled their demurrers, and they prosecute this appeal from that interlocutory decree.

The only grounds of demurrer here really argued take the points: that the bill is multifarious, that there is a misjoinder of parties defendant and that the bill fails to make a case against the city officials authorizing relief against them personally.

The equity of a bill, such as the one here exhibited, was fully sustained in the cases of City of Marion v. Underwood, 231 Ala. 225, 164 So. 296; Lamar v. Rivers et al., 235 Ala. 130, 178 So. 16; Wade v. Kay, 210 Ala. 122, 97 So. 129; Wilkins v. Folsom, 208 Ala. 24, 93 So. 547; McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3; Code, § 8935.

In the case of City of Marion v. Underwood, supra, we held that a bill by the owner of improvements bonds, for foreclosure of lien on property benefited by the local improvements, was not rendered multifarious by reason of the joinder of the owners of all the improved property in a single proceeding, where the municipality had exercised its statutory authority to group improvements and to make single issue of bonds.

In the case of City of Mobile v. Smith, 223 Ala. 480, 136 So. 851, it was observed by Brown, J., in writing for the court [page 854]: "The bonds issued, according to the recitals therein, were made 'a lien upon the property abutting on the streets and alleys in the City included in the area known as the 23rd Paving Venture or Improvement,' and in addition thereto are 'a direct and primary obligation of the City of Mobile,' and, if the lien against the abutting property fails or is declared void, the liability of the City will be increased pro tanto. Therefore the city, in addition to its relation as statutory trustee for the collection (Code, § 2217), preservation, and application (sections 2226, 2230, 2231, Code) of the bonds, if the lien is sustained, stands as quasi surety for the payment of the indebtedness created for the betterment of the abutting property, to the extent of the resulting benefit, and is entitled,

in equity, to compel payment in discharge of its liability. Tillis v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am.St.Rep. 31, 8 Ann. Cas. 78; Segall et al. v. Loeb et al., 218 Ala. 433, 118 So. 633."

It is to be here noted that the bonds in question pledged the full faith and credit of the City of Carbon Hill to their payment, and the bill avers that this city was within the debt limit prescribed by the Constitution and laws of the State of Alabama. Section 2227 did not, under these circumstances, inhibit the said municipality from pledging its faith and credit to the payment of the bonds.

The holding in the Smith Case, supra, was reaffirmed and approved in the more recent case of Moore v. Howard, 227 Ala. 219, 149 So. 249.

The Supreme Court of Florida, in case of City of Winter Haven et al. v. Summerlin et al., 114 Fla. 727, 154 So. 863, held [page 865]:

"It is well settled that, where a municipal corporation is charged by law with the duty of collecting special assessments and making proper payment thereof to bondholders to whom the assessments have been pledged as part of their security, the duty amounts to a trust that is cognizable in equity for the purpose of calling to account the municipality and its officers for the manner in which that trust has been performed. Vickrey v. City of Sioux City (C.C.) 104 F. 164. It is also well settled that, where a trust is involved, those who have undertaken the management of the trust, such as municipal officers, as well as the municipality itself, are proper parties to the bill in order that the relief when granted may be full, complete and effective. * * *

"And in such suit the complainant may make as parties defendant thereto all persons who have had, or may appear to have had, dealings with any of the trust assets in cases where any part of the same is alleged to have been impaired, lost, dissipated, or wasted by or for the benefit of the parties charged as defendants. See City of Leesburg v. Ware, [113 Fla. 760], 153 So. 87." [Italics supplied.]

This rule declared by the Florida Court is sound and salutary, tends to the accomplishment of complete justice in a single suit, and is in line with the trend of our own decisions, certainly those made since the adoption of Section 3423 of the Code of 1886, now Section 6526 of the Code of 1923.

No universal rule has ever been established to determine in all cases the question of multifariousness. "Multifariousness, abstractly speaking, has been properly said to be incapable of accurate definition." Story's Eq.Pl. Sec. 150. As observed in our recent case of City of Marion v. Underwood, supra: "It is argued that the bill is defective as multifarious. Viewed from a practical standpoint, however, there appears no obstacle in the procedure here pursued. As often observed, no universal rule in regard to multifariousness is admitted to be established as to cover all possible cases. The objection is largely a matter of discretion, and every case must, in a measure, be governed by what is convenient and equitable under its own peculiar facts, subject to the recognized principles of equity jurisprudence. It is, therefore, always proper to exercise this discretion in such a manner as to discourage future litigation and prevent multiplicity of suits, and never so as to do plain violence to the maxim that 'courts of equity "delight to do justice, and not by halves."' O'Neal v. Cooper, 191 Ala. 182, 67 So. 689, 691."

There is complete unity of purpose in the bill. It has but a single object— one dominating purpose—which is transparently clear, and that is to enforce the collection of the debt due and owing on the bonds. All other matters brought forward in the bill are but incidental, and grow out of, or are germaine to this one purpose and object. And the settlement of these incidental matters is proper and necessary and will prevent a multiplicity of suits.

We, therefore, hold that the bill is not subject to the objections that it is multifarious, or that there is a misjoinder of parties defendant. Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107; Jacobs et al. v. Swift & Co., 230 Ala. 358, 161 So. 232; Lambert et al. v. Anderson, 224 Ala. 110, 139 So. 287; Jarrett v. Hagedorn et al., post, p. 66, 185 So. 401.

That the bill makes a case of personal liability against the respondent A. C. Ramsey, clerk and treasurer of the City of Carbon Hill, for diversion of funds which should have been applied by him to the payment of the bonds held and owned by complainants, and the other bond-

holders, we entertain no doubt. And that it makes a case of personal liability against the respondents, Gilder, Kelley and McDonald, the governing body of said municipality,—for causing, aiding, or encouraging the diversion of said funds,—said liability in each instance to be measured by the extent of the loss occasioned by their said wrongful acts—we are equally convinced. Code, § 2230.

As we read and construe the bill, it was not subject to any grounds of demurrer assigned thereto, and here argued.

It follows, therefore, that the decree of the circuit court was free from error, and it is due to be affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.